## THOMAS W. MacDONALD v. MINNEAPOLIS & ST. LOUIS RAILROAD COMPANY.[1]

May 7, 1909.

Nos. 16,035—(43).

**Contributory Negligence.**

> Plaintiff was an engineer, in charge of a locomotive hauling one of the de-
> fendant's freight trains, and was injured by his train colliding with a
> passenger train. Verdict for the plaintiff, but the trial court ordered judg-
> ment for the defendant. *Held*, upon a consideration of the evidence, that the
> plaintiff was guilty of contributory negligence as a matter of law.

Action in the district court for Ramsey county to recover $25,250
damages for personal injuries sustained while in defendant's employ
as a locomotive engineer. The answer alleged contributory negli-
gence on the part of plaintiff. The case was tried before Kelly,
J., and a jury which returned a verdict in favor of plaintiff for
$5,000. From an order for judgment in favor of defendant not-
withstanding the verdict, plaintiff appealed. Affirmed.

*Albert E. Clarke* and *D. F. Carmichiel,* for appellant.

*John I. Dille, Lancaster & McGee* and *George W. Seevers,* for
respondent.

START, C. J.

The plaintiff, on September 24, 1906, was in the service of the
defendant as a locomotive engineer, and in charge of a locomotive
drawing a freight train, known as "No. 94," bound from Minneapolis
to Albert Lea. At New Prague station, in the forenoon of that day,

[1]Reported in 120 N. W. 1023.

and at some moment between 11: 14 and 11: 21 o'clock, a collision occurred between plaintiff's train No. 94 and a passenger train, known as "No. 2," also bound from Minneapolis to Albert Lea. The collision resulted in the death of four persons, three of whom were passengers, and the serious personal injury of the plaintiff and others.

This action was brought by the plaintiff in the district court of the county of Ramsey to recover damages on account of his injuries, on the alleged ground that the collision was due to the negligence of the defendant's employees who were in charge of passenger train No. 2. The answer denied the alleged negligence, and alleged that the plaintiff's own negligence contributed to and caused his injuries. Verdict for the plaintiff in the sum of $5,000. The trial court, on motion of defendant for judgment or a new trial, made its order directing judgment for the defendant notwithstanding the verdict, for the reason that the evidence was practically conclusive that the defendant was not negligent, and, further, that the plaintiff was guilty of contributory negligence as a matter of law. The plaintiff appealed from the whole order.

The question presented by the record is whether, upon the whole evidence, taking the most favorable view of it for the plaintiff that is permissible, it is sufficient to sustain a verdict for him. In the consideration of this question we have been materially aided by the clear and exhaustive analysis of the evidence contained in the respective briefs of counsel. Many material facts are undisputed.

The defendant's yard at New Prague, at the time of the accident, was about one-half mile in length, extending north and south, with three tracks, the main track, and two side tracks, known, respectively, as the "passing" and the "house" track, each connected at both ends with the main track. In doing the necessary switching for train No. 94, the plaintiff's engine moved cars back and forth on the main track between the switches at the north and south ends of the yard. Passenger train No. 2 was coming from the north, and was due to arrive at 11: 20. The plaintiff, by an imperative rule, was bound to clear the main track for the passenger train at least five minutes before the time fixed for its arrival; that is, by 11: 15 at least. The plaintiff, with his engine, was on the main track when the col-

lision occurred. It is claimed by the plaintiff that the collision occurred some seconds before 11 : 15, and that he then had ample time, if the collision had not occurred, to have enabled him to clear the main track before the expiration of the time allowed him for that purpose. If this claim is correct, then the passenger train came into the yard more than five minutes ahead of its scheduled time. The plaintiff gave testimony and estimates tending to support his claim, and he was indirectly corroborated to some extent by the testimony of two other witnesses. Nevertheless the evidence, considered as a whole, is practically conclusive that the plaintiff and his witnesses were mistaken as to the time, and that the collision did occur at least two minutes after 11 : 15, and that the plaintiff, at the time he was injured, was on the main track in violation of the rule.

The plaintiff testified that while he was on the main track he looked at his watch, to see if he had time to back up and get in on the house track and get clear of No. 2, and, if he did not, it was his intention to go ahead to the south end of the yard; that he found that he had forty-five seconds to back up and go in on the house track; that to do so it would take from twelve to fourteen seconds under the conditions as they existed on that day; and that he then backed up for the purpose of going in on the house track. Even if his testimony is correct, it follows from the undisputed evidence that when he looked at his watch and decided to go backwards towards the north end of the yard and the coming passenger train, instead of going safely forward to the switch at the south end of the track, if he had looked back he would have seen the coming passenger train. He did not do this, but backed his engine towards the coming train. It is true, as his counsel suggests, that the passenger train was not due until five minutes after the expiration of his clearing time; but this fact does not excuse him. According to his own testimony, it was only a matter of seconds whether he had time to obey the rule intended for the protection of life, limb, and property if he backed towards the coming train. He was an experienced engineer. He knew that the time was ample in which to go safely forward to the south end of the yard and leave the main track clear before 11 : 15. He was in doubt, and looked at his watch, and estimated the seconds that it would take him if he went backwards. It is clear that in this situ-

ation he ought, in the exercise of ordinary care, to have looked back to see if there was anything on the track which might interfere with his complying with the rule within the few seconds left. If he had done so, he certainly would have seen the coming passenger train.

Upon a consideration of the whole evidence, we are of the opinion that the plaintiff was guilty of contributory negligence as a matter of law, and that this is a case where judgment absolute should be entered for the defendant, instead of ordering a new trial.

Order affirmed.